## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF TEXAS

Joe Hunsinger
  Plaintiff Pro-Se'

V.

Ellis Acquisitions LLC.
  Defendants

Case No:

**3 - 2 1 C V 0 8 0 4 - B**

# COMPLAINT

## 1.0  PARTIES

1.1   Joe Hunsinger is a an individual citizen of Texas and a resident of this District.

1.2   Defendant Ellis Acquisitions LLC.  is a Domestic corporation with its principal place of business in the State of Texas with an operating address of 9222 Forest Hills Blvd., Dallas, Texas 75218.

1.3   Defendant can be served by their agent Earl Ellis at 9222 Forest Hills Blvd., Dallas, Texas 75218.

## 2.0  JURISDICTION AND VENUE

2.1   This court has personal specific jurisdiction pursuant to 28 USC Section 1331 and 47 USC Section 227.

2.2   Supplemental jurisdiction for Plaintiffs state law claims arise under 28 USC Section 1391(b)(2).

2.3   This Court has personal specific jurisdiction over Defendant because defendant made calls to Plaintiff in this District.

## 3.0  PRELIMINARY STATEMENT

3.1    This is an action for damages brought by an individual consumer for violations of the TCPA, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive and nuisance telemarketing practices.

3.2    Senator Hollings, the TCPA's sponsor, described these call as "the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of be; they hound us until we want to rip the telephone out of the wall."

3.3    According to findings by the FCC, the agency congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.

3.4    The national DNC registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  Plaintiff hereby requests a copy of Defendants DNC Policy.

3.5    The TCPA regulations define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services."

3.6    Telemarketing occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services.

3.7    Neither the TCPA nor its implementing regulations require an explicit mention of a good, product, or service – where the implication of an improper purpose is "clear from the context."

3.8    In other words, "offers that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.

3.9    If a call is not deemed telemarketing, a Defendant must nevertheless demonstrate that it obtained the Plaintiffs prior express consent.

3.10  The FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages.

3.11  "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients."

3.12  Plaintiff has been harmed by Defendants' acts because his privacy has been violated.   Plaintiff was subject to annoying and harassing telephone calls (texts) that constitute a nuisance.

3.13  Telemarketers must obey the prohibitions in the TCPA.

3.14  Telemarketing is defined as "a plan, program, or campaign which is conducted to induce the purchase of goods or services or charitable contribution by use of one or more telephones and which involves more than on interstate telephone call.

3.15  Plaintiff establishes injury in fact, if he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."

3.16  Plaintiff has the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA.

3.17  Plaintiffs "express consent" is not an element of Plaintiffs prima facie case, but is an affirmative defense for which the Defendant bears the burden of proof.

3.18  One single unsolicited marketing text or call is all it takes for a Plaintiff to have standing and bring suit against a violator of the TCPA.

3.19  The TCPA does not bar all business-related text messaging, but instead, focuses, in part, on cellular calls and text messages that are for the purpose of soliciting new or additional business.

3.20  Defendants actions are a pattern and practice over time.

3.21  Defendants, in its alleged violation, was aware of the conduct and allowed it to continue.

3.22  The impersonal and generic nature of Defendants text message(s), demonstrate that Defendant utilized an ATDS in transmitting the message.

3.23  Text message advertisements and the use of a short code, support an inference that the text messages use ATDS.

3.24  Plaintiff has alleged facts sufficient to infer text messages were sent using ATDS – use of a short code and volume of mass messaging alleged would be impractical without use of an ATDS.

3.25  Defendant used a "long code" to transmit a text to the Plaintiff.  A long code is a standard 10-digit phone number that enabled Defendant to send SMS text messages *en masse*, while deceiving recipients into believing that the message was personalized.  Defendant can copy and past and send hundreds of characters out with a few clicks.

3.26  Long codes work as follows:  Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic.  These SMS gateway providers send and receive SMS traffic to an from the mobile phone networks SMS centers which are responsible for relaying those

messages to the intended mobile phone.  This allows for the transmission of a large number of SMS messages to and from a long code.

3.27  Specifically, upon information and belief, Defendant utilized a combination of hardware and software systems to send the text messages at issue in this case. The systems utilized by Defendant have the capacity of store telephone numbers and to dial such number from a list.

3.28  Defendants unsolicited calls/text message(s) caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendants text messages also inconvenienced Plaintiff and caused disruption of his daily life.

3.29  Unwanted "Robocalls" are the number one complaint in America today. Americans received over 98 billion robocalls just last year.

3.30  Plaintiff estimates he has received tens of thousands of unauthorized and unwanted text messages in his lifetime from telemarketers.  Some have been from repeat violators and some have been from single call/text violators.  The Bureau of Labor Statistics tells us there are 134,800 telemarketers in the USA.  If this information is correct American consumers could quite possibly receive 369.31 calls per day and we have to tell the telemarketers is to place us on their do not call list and we won't hear from them in another 12 months, and then process begins all over again?  Plaintiff does not want to have his phone ring or text 369.31 times a day from telemarketers.  Plaintiff does not even want one telemarketer to call him.  There is a reason they say we as a nation may disagree on many issues, but when it comes to unwanted telemarketing (Robocalls/texts) we all agree that we do not like them.

3.31  The contempt from Senator Hollings was he even wanted to do away with all telemarketers, period.  Plaintiffs pleading as mentioned above are clear and give an insight on where Plaintiff set of mind.  How he wants to left alone and unbothered by telemarketing calls/texts.

3.32  The do not call provisions of the TCPA cover any plan, program or campaign to sell goods or services through interstate phone calls. This includes calls by telemarketers who solicit consumers, often on behalf of third party sellers.

3.33  The TCPA has a "safe harbor" for inadvertent mistakes.  If a telemarketer can show that, as part of its routine business practice, it meets all the requirements of the safe harbor, it will not be subject to civil penalties or sanctions for mistakenly calling a consumer who has asked for no more calls, or for calling a person on the registry.

3.34  Plaintiffs complaint seeks money damages and injunctive relief from Defendants illegal conduct.

3.35  This private cause of action is a straight forward provision designed to achieve a straightforward result.  Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights.  Violations of the law are clear, as is the remedy.

3.36  The TCPA was enacted to prevent companies like Defendant from invading Plaintiffs' privacy as explained in paragraph 3.27 and 3.28.

3.37  Defendant(s) uses telemarketing to obtain new customers.

3.38  If Defendant(s) want to avoid a TCPA lawsuit, all they have to do is not break the laws in the TCPA.

## 4.0  VICARIOUS LIABILITY

4.1   At all times relevant the the events giving rise to this lawsuit, Defendant acted through its agents and is therefore liable for such actions pursuant of vicarious liability principles.

4.2    Whenever it is stated herein that Defendant engaged in any act or omission, the statement includes the acts or omissions by Defendant, its agents, its employees, its representatives and others with actual or apparent authority to act on behalf of and bind the Defendant.

## 5.0  QUESTIONS OF LAW

5.1    There are well defined and nearly identical questions of law and fact that affect all parties.  Such common questions of law and fact include, but are not limited to, the following:

5.2    Whether Defendant(s) placed such telephone calls to the Plaintiff;

5.3    Whether Defendant(s) TCPA violations and conduct was knowing and/or willful:

5.4    Whether Defendant(s) can meet their burden of showing that they clearly and unmistakably obtained "prior express consent" to make such calls/texts to the Plaintiff;

5.5    Whether Defendant(s) are liable for damages to the Plaintiff, as well as the amount to of such damages;

5.6    Whether Defendant(s) identified themselves to the Plaintiff or if their agents identified the entity on whose behalf the call/text was being made;

5.7    Whether Defendant(s) sent Plaintiff their DNC policy when it was requested;

5.8    Whether Defendant(s) uses telemarketing to obtain new customers;

5.9    Whether Defendant(s) have a written DNC policy;

5.10 Whether Defendant(s) written DNC policy was shared with anyone "on demand.";

5.11 Whether Defendant(s) can prove they trained their employees about the telemarketing rules and laws set in place;

5.12 Whether Defendant(s) have maintained a list of persons that they may not contact;

5.13 Whether Defendant(s) have a process in place to prevent phone calls to either numbers on the National Do Not Call List or numbers on the telemarketers internal do not call list;

5.14 Whether Defendant(s) have a process in place to monitor calls to prevent violations of the do not call list;

5.15 Whether Defendant(s) have maintained an errant list of all call that violate the do not call regulations;

5.16 Whether Defendant(s) can prove they used TCPA compliant vendors;

5.17 Whether Plaintiff opted out of receiving calls/texts from Defendant.

5.18 Whether Defendant(s) honored Plaintiffs opt out/stop request.

5.19 Whether Defendant(s) had reason to know, or should have known that its conduct would violate the statute.

5.20 Whether Plaintiff is entitled to injunctive relief;

5.21 Whether Defendant(s) should be enjoined from engaging in such mentioned conduct in the future;

5.22 Common questions in this case have common answers.

## 6.0   FACTUAL ALLEGATIONS
## AGAINST ELLIS ACQUISITIONS LLC.

6.01   On Tuesday July 21, 2020 at 1:00 PM Plaintiff received **one** unauthorized and unwanted telemarketing text message from Defendant or their agent form phone number 214-427-8839.

6.02 On Tuesday October 6, 2020 at 2:14 PM Plaintiff received **one** unauthorized and unwanted telemarketing text message from Defendant or their agent form phone number 214-427-8839.  The sender identified herself as Ashley Schultz.

6.03   Plaintiff, wanting to investigate his claim against the telemarketer, followed the telemarketers cues to find out their identity.   Plaintiff was unsuccessful in obtaining Defendants true identity after countless attempts (at that time).

6.04   Plaintiff again spent his time attempting to find out who it was sending him the texts doing online searches for Ashley Schultz.  However, Plaintiff again was unable to obtain Defendants true identity at that time (at that time).

6.05   Plaintiff did not outright ask Ashley who she was working for or her company name, because doing so would have risked her breaking off the communication and disappearing.   Of all the freaking junk Plaintiff has gone through with telemarketers, never, not one time, has a telemarketer given their true identity (to their legally registered business in the US) to Plaintiff.  One time, a few years ago, a telemarketer did give Plaintiff their business name and phone number and website and agents name and supervisor name and was actually passed on to the supervisor who took Plaintiffs call.   They answered all of Plaintiffs questions without any hesitation.  They were an web hosting / promotion company in South America.

6.06 On Tuesday October 27, 2020 at 1:00 PM Plaintiff received **two** unauthorized and unwanted telemarketing text message from Defendant or their

agent form phone number 430-207-1573. The sender identified herself as Ashley Schultz.

6.07 Plaintiff made more attempts to get the senders true identity, which were unsuccessful at that time.

6.08 But then Plaintiff searched 430-207-1573 phone number online and found it. Ashley on a Facebook page for A-Team Home Buyers. Their Facebook page showed a listing for a home at 2122 Glenfield Ave in Dallas. Plaintiff looked up the address on DCAD and found the owner of the home to be Ellis Acquisition LLC. The founder of Ellis Acquisition LLC. are David Ellis and Earl Evan Ellis.

6.09 , Plaintiff is informed and believes and therefore alleges that texts that Defendant placed to him were made using an automatic telephone dialing system.

6.10 Plaintiff, searching on the Texas Secretary of State's website [and paying their search fees], found Defendant to be registered as a domestic LLC. In the State of Texas.

6.11 Plaintiff searched Defendant on Pacer [and also paid their fees to search and look at pleadings] and did not find other complaints against the Defendant for violations of the TCPA.

6.12 Plaintiff, at no time, gave Defendant his "express consent" to be contacted by text messages.

6.13 Part of Plaintiffs discovery will will be finding out if Defendant has a company wide pattern or practice of engaging in the alleged illegal practices at issue in my case. Plaintiff is proffering that a number of similar incidents have occurred around the country to other everyday people.

6.14  The text placed by the Defendant was not necessitated by an emergency.

6.15  Defendants calls were transmitted to Plaintiffs cellular telephone, and within the time frame relevant to this action.

6.16  Defendant and/or their agents failed to properly identify themselves as required by the TCPA.

6.17  Plaintiff is not a customer of Defendant and has not provided defendant with his personal information or telephone number, or sought out solicitation from the Defendant or their agents.

6.18  It is Defendants burden to prove they has "express consent" per the TCPA to call the Plaintiff on his cell phone using an "automatic telephone dialing system."

6.19  At no time did Plaintiff provide prior express written consent, or even prior permission, for the Defendant or their agents to call the Plaintiff.

6.20  Plaintiff does not have and has never had an established business relationship with the Defendant.

6.21  The text received by the Plaintiff from the Defendant or their agent was for the purpose of encouraging the purchase of rental of, or investment in, property, goods, or services.  The call therefor qualifies as telemarketing.

6.22  Plaintiff is the subscriber of phone number ending in 7677 and is financially responsible for phone service to said number.

6.23  Plaintiff's phone number ending in 7677 is primarily used for personal, family, and household use.

6.24 Upon information and belief, Defendants calls harmed the Plaintiff by causing the the very harm that Congress sought prevent – that is the "nuisance and invasion of privacy" and a Plaintiff suffered a concrete and particularized harm.

6.25 Upon information and belief, Defendants texts harmed Plaintiff by intruding upon Plaintiffs seclusion, lost time attending to unwanted and unauthorized calls, decreased phone battery life, need for more frequent re-charging of the battery, annoyance, and frustration.

6.26 As a result of Defendant illegal conduct, Plaintiff is entitled to $500 in damages for each such violation of the TCPA.  This is for each and every violation, whether Defendant committee multiple violations with a single text.  The number of texts are irrelevant.

## 7.0 STANDING

7.01 Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) a valid injury in fact; (b) which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision.

7.02 Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution.

7.03 For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists. In Plaintiffs case, Defendant sent a text messages to Plaintiff's cellular telephone, using an ATDS. Such text messages are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and de facto.

7.04 For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." In Plaintiffs case, Defendant invaded Plaintiffs privacy and peace by texting his cellular telephone, and did this with the

use of an ATDS. Furthermore, Plaintiff was distracted and annoyed by having to take time, opening and reading the text message. All of these injuries are particularized and specific to Plaintiff.

7.05 Plaintiffs case passes The " Traceable to the Conduct of Defendant" Prong.

7.06 The second prong to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of Defendant. The above text message was directly and explicitly linked to Defendant. The number from which the text was sent belongs to Defendant. This text message is the sole source of Plaintiff's and the Class's injuries. Therefore, Plaintiff has illustrated facts that show that her injuries are traceable to the conduct of Defendant.

7.07 Plaintiffs case passes the " Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong,

7.08 The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion In the present case, Plaintiff's Conclusion include a request for damages for each text message made by Defendant, as authorized by statute in 47 USC. Section 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

7.09 Plaintiff, under his 14 Amendment rights, has right to bring this action to be heard in front of a jury.

7.10 Because all standing requirements of Article III of the US Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## COUNT 1

8.01  Plaintiff re-alleges and incorporates the above paragraphs.

8.02  Defendant violated 47 USC Section 227(b)(1)(A)(iii) by placing **four** (non emergency) solicitation texts to the Plaintiff.

8.03  Defendant must pay Plaintiff $500 for each text placed to Plaintiff.

## COUNT 2

9.01  Plaintiff re-alleges and incorporates the above paragraphs.

9.02  Defendant transmitted **four** solicitation texts to Plaintiffs cellular phone number, which was registered on the Do Not Call registry, violating 47 CFR Section 64.1200(c).

9.03  Defendant must pay Plaintiff $500 for each text placed to Plaintiff.

## COUNT 3

10.01 Plaintiff re-alleges and incorporates the above paragraphs.

10.02 Defendant knew or should have know that Plaintiff had not given express consent to receive its texts messages violating USC Section 227(b)(3)(C).

10.03 Defendant must pay Plaintiff $500.

## COUNT 4

11.01 Plaintiff re-alleges and incorporates the above paragraphs.

11.02 Defendant transmitted a text to the Plaintiff, despite the fact that Plaintiffs phone number is listed on the DNC list, a violation of USC Section 227(c).

11.03 Defendant must pay Plaintiff $500.

## COUNT 5

12.01 Plaintiff re-alleges and incorporates the above paragraphs.

12.02 Defendant transmitted more than one text to the Plaintiff, a violation of USC Section 227(c)(5)(B).

12.03 Defendant must pay Plaintiff $500 for each text placed to the Plaintiff.

## COUNT 6

13.01 Plaintiff re-alleges and incorporates the above paragraphs.

13.02 Defendant spoofed their caller id.   The phone numbers on displayed on Plaintiffs caller id were long codes.  Plaintiff cannot call Defendants long code and speak to someone.  A violation of 47 CFR Section 64.1601(4)(e).

13.03 Defendant failed to provide a call back number in the initial text message. A violation of 47 CFR Section 64.1200(b)(2).

13.04 Defendant must pay Plaintiff $500.

## COUNT 7

14.01 Plaintiff re-alleges and incorporates the above paragraphs.

14.02 Defendant made calls to Plaintiffs phone ending in 7677 intentionally or knowingly and the calls were not accidental.

14.03 Pursuant to TBCC Section 305.053, Plaintiff sues here for monetary damages.

140.4 Pursuant USC Section 227(c)(5) and 47 CFR Section 64.1200(a)(2), treble the $500 statutory damages to be recoverable by Plaintiff against the Defendant to $1500 for each transmitted text Defendant placed and for violating the the DNC request.

14.05 Defendant must pay Plaintiff $1500 for each violation and text transmitted to Plaintiff.

## COUNT 8

15.01 Plaintiff re-alleges and incorporates the above paragraphs.

15.02 Pursuant to 47 USC Section 227(b)(3)(A) and TBCC Section 305.053, the court following the trial of this action should issue an order permanently enjoining Defendant and its agents from engaging in any further conduct with respect to Plaintiff which violates the rules and regulations of 47 USC Section 227.

## COUNT 9

16.01 Plaintiff re-alleges and incorporates the above paragraphs.

16.02 Defendant intentionally intruded on Plaintiffs solitude, seclusion, and private affairs by transmitting unwanted telemarketing calls to his cellular phone. Defendants intrusion would be highly offensive to a reasonable person.

16.03 The repeated autodialed calls to Plaintiffs cellular phone have caused him emotional harm and distress, frustration, aggravation, wasted time, a nuisance and other losses.

16.04 Plaintiff seeks to recover actual damages, including his damages for mental anguish, to be proven at trial.  Mental anguish is one of the torts for which Plaintiff can recover mental-anguish damages without proving physical injury.

## TRIAL BY JURY

17.01 Plaintiff demands a trial by jury under the 7th Amendment of the US Constitution.

## **CONCLUSION**

Plaintiff has read Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n which pretty much establishes the conduct for attorneys and references abusive litigation tactics from attorneys conduct. Plaintiff believes if Defendant would read Dondi and instruct their attorney to send copies of the filings and emails between the Plaintiff and Defendants attorney, this would keep the Defendants attorney from "poking a stick at Plaintiffs ribs" just to upset him and try to prolong the hours he will be charging his client.

Plaintiff requests a copy of Defendants Do-Not-Call Policy to be sent to Plaintiffs address below.

Plaintiff requests everything he has asked for in his Complaint and other relief as the Court deems necessary.

Joe Hunsinger – Pro se
7216 CF Hawn Frwy.
Dallas, Texas 75217
214-682-7677
joe75217@gmail.com

← **Details**

**OPTIONS**

**Notifications**

**App settings**

**Block & report spam**

**1 PERSON**

 **Add people**

 **(214) 427-8839**

**←   (214) 427-8839**   📹   📞   ⋮

Tuesday, Jul 21 • 1:00 PM

Hi Joseph. I'm trying to find an off market investment property to flip and wanted to see if you could help me out. Know of anything? Thanks Ashley Schultz

*July 21, 2020*

Jul 21, 1:00 PM

Tuesday, Oct 6 • 2:14 PM

Hi Joseph, Just wanted to check in to see if you came across any off-market investment homes I could buy? Thanks Ashley Schultz

Oct 6, 2:14 PM

Monday • 11:29 AM

8731 Wadlington Ave. Dallas, TX 75217. You can go inside to inspect after a signed contract. Email offers to joe75217@gmail.com.

⊕   🖼   ( Text          ☺   🎤 )

← **Details**

OPTIONS

Notifications

App settings

Block & report spam

1 PERSON

 **Add people**

 (430) 207-1573

← **(430) 207-1573**  📹  📞  ⋮

Yesterday • 1:00 PM

TUESDAY

1/2 Hey Joesph! This is Ashley Schultz! This is my personal cell number. The other number is my work. I wanted to ask you about the foundation? And this is

OCTOBER 27, 2020

Tue 1:00 PM

2/2 a 5/1 correct? That's a first to see for me if so

Tue 1:00 PM

Foyndation is good. Home was painted 15 years ago and there ano cracks in the walls.

Tue 1:04 PM • SMS

Okay thank you. Shouldn't be long

Tue 1:05 PM

Ok.

Tue 1:06 PM • SMS

Text 😊 🎤



**A Team Home Buyers**

👍 Like  ➤ Share  ⋯

📧 **Send Message**

**Home**

**Posts**

**Reviews**

**Videos**

**Photos**

**About**

**Community**

Create a Page

**A Team Home Buyers**

July 22 · 🌐

Here's one we have in Dallas that went live this week!

2122 Glenfield Ave. Dallas tx
4 bed 2.5 bath 1579 sqft
$209k

Give us a call if you are wanting to sell we can give you a cash offer today!
We are still actively buying!!

903-708-3263



+3

**People**

★★★★★
470 likes
1 visit

**Related Pages**


**Winslow's Texwin Custom Buildi...**
Construction Company

**Endora's Bakehouse**
Bakery


**McDonald Realty Team**
Real Estate Agent

**Shelley Dudley Real Estate Group**
Real Estate Agent


**Major League Realty, Inc.**
Real Estate Agent

See More ▼

Places ▸ Mabank, Texas ▸ Real Estate ▸ A Team
Home Buyers

See more of A Team Home Buyers on Facebook

Log In      or      Create New Account

# Dallas Central Appraisal District

Press F11 to exit full screen

Home | Find Property | Contact Us

Location Owner Legal Desc Value Main Improvement Additional Improvements Land Exemptions Estimated Taxes History

## Residential Account #00000489751000000

NAVIGATION LINKS

DCAD Videos

⊟ About DCAD
  Annual Report
  ⊟ Search Appraisals
    By Owner
    By Account
    By Address
    By Business
  Find Property on Map
  Online BPP Rendition
  Online TaxRep Website
  Forms
  Data Products
  Open Records
  GIS Data Products
  Exemptions
  Property Valuation Process
  Protest Process
  Paying Taxes
  Local Tax Offices
  Taxing Unit Rates
  F.A.Q.
  Calendar
  Certified Value Summaries
  Certified Comparisons
  Certification Reports
  Preliminary Comparisons
  Average SFR Values
  Reappraisal Plan

### Property Location (Current 2021)

**Address:** 2122 GLENFIELD AVE
**Neighborhood:** 4DSD47
**Mapsco:** 54-S (DALLAS)

**DCAD Property Map**

**2020 Appraisal Notice**

**Electronic Documents (ENS)**

**File Homestead Exemption Online**

**Print Homestead Exemption Form**

### Owner (Current 2021)

ELLIS ACQUISITIONS LLC
9222 FOREST HILLS BLVD
DALLAS, TEXAS 752189631

### Multi-Owner (Current 2021)

| Owner Name | Ownership % |
|---|---|
| ELLIS ACQUISITIONS LLC | 100% |

### Legal Desc (Current 2021)

**1:** CLEARVIEW PARK 3
**2:** BLK 15/6026 LT 6
**3:**
**4:** INT20200018756I 0DDT162020 CO-DC
**5:** 6026 015 00600 20060026 015
**Deed Transfer Date:** 7/22/2020

### Value

**2020 Certified Values**



Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

**Ruth R. Hughs**
Secretary of State

## Office of the Secretary of State
### Packing Slip

October 31, 2020
Page 1 of 1

Attn: joe hunsinger
joe hunsinger
7216 c.f. hawn frwy
Dallas, TX 75217

Batch Number: 100499576        Batch Date: 10-30-2020

Client ID: 399368755           Return Method: Email

| Document Number | Document Detail | Number / Name | Page Count | Fee |
|---|---|---|---|---|
| 1004995760002 | Find | ELLIS AQUISITIONS LLC. | | $1.00 |
| 1004995760003 | Find | A-TEAM HOME BUYERS | | $1.00 |
| 1004995760004 | Convenience Fee | | | $0.05 |
| | | | **Total Fees:** | **$2.05** |

| Payment Type | Payment Status | Payment Reference | | Amount |
|---|---|---|---|---|
| Credit Card | Accepted | ************002 | | $2.05 |
| | | | **Total:** | **$2.05** |
| | | **Total Amount Charged to Client Account:** | | **$0.00** |

(Applies to documents or orders where Client Account is the payment method)

*Note to Customers Paying by Client Account:* This is not a bill. Payments to your client account should be based on the monthly statement and not this packing slip. Amounts credited to your client account may be refunded upon request. Refunds (if applicable) will be processed within 10 business days.

User ID: WEBSUBSCRIBER

| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>Filing Fee: $300 | <br><br>**Certificate of Formation**<br>**Limited Liability Company** | **Filed in the Office of the**<br>**Secretary of State of Texas**<br>**Filing #: 803518297 01/15/2020**<br>**Document #: 937146260003**<br>**Image Generated Electronically**<br>**for Web Filing** |
|---|---|---|

| **Article 1 - Entity Name and Type** |
|---|

The filing entity being formed is a limited liability company. The name of the entity is:

## Ellis Acquisitions LLC

| **Article 2 – Registered Agent and Registered Office** |
|---|

☐A. The initial registered agent is an organization (cannot be company named above) by the name of:

**OR**

☑B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**
**Earl    Ellis**

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**9222 Forest Hills Boulevard    Dallas  TX  75218**

| **Consent of Registered Agent** |
|---|

☐A. A copy of the consent of registered agent is attached.

**OR**

☑B. The consent of the registered agent is maintained by the entity.

| **Article 3 - Governing Authority** |
|---|

☑A. The limited liability company is to be managed by managers.

**OR**

☐B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

| Manager 1: **David    Ellis** | Title: **Manager** |
|---|---|

Address: **416 Ranchero Drive    Sunnyvale  TX, USA  75182**

| Manager 2: **Earl   Evan  Ellis** | Title: **Manager** |
|---|---|

Address: **9222 Forest Hills Boulevard    Dallas  TX, USA  75218**

| **Article 4 - Purpose** |
|---|

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

| **Supplemental Provisions / Information** |
|---|

[The attached addendum, if any, is incorporated herein by reference.]

| Organizer |
|---|

The name and address of the organizer are set forth below.
**Earl Ellis**      **9222 Forest Hills Blvd, Dallas, TX 75218**

| Effectiveness of Filing |
|---|

☑A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

| Execution |
|---|

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Earl Ellis**

Signature of Organizer

**FILING OFFICE COPY**

# TEXAS SECRETARY of STATE
# RUTH R. HUGHS

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 803518297 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | January 15, 2020 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32073105713 | **FEIN:** | |
| **Duration:** | Perpetual | | |

**Name:** Ellis Acquisitions LLC
**Address:** 9222 FOREST HILLS BLVD
DALLAS, TX 75218-3631 USA

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| **Name** | **Address** | | | **Inactive Date** | |
| Earl Ellis | 9222 Forest Hills Boulevard Dallas, TX 75218 USA | | | | |

Order     Return to Search

Instructions:
● To place an order for additional information about a filing press the 'Order' button.

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

ORIGINAL

## I. (a) PLAINTIFFS

JOE HUNSINGER

**DEFENDANTS**

ELLIS ACQUISITIONS LLC.

**(b)** County of Residence of First Listed Plaintiff    DALLAS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    DALLAS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRO-SE

**3-21CV0804-B**

Attorneys *(If Known)*

APR - 7 2021

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |     Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment     & Enforcement of Judgment | ☐ 320 Assault, Libel &     Pharmaceutical     Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted     Student Loans     (Excludes Veterans) |     Liability   ☐ 368 Asbestos Personal ☐ 340 Marine     Injury Product ☐ 345 Marine Product     Liability | | ☐ 835 Patent - Abbreviated     New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment     of Veteran's Benefits |     Liability   **PERSONAL PROPERTY** ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | | ☐ 880 Defend Trade Secrets     Act of 2016 | ☐ 480 Consumer Credit     (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | **LABOR** | | ☒ 485 Telephone Consumer |
| ☐ 190 Other Contract |     Product Liability   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards     Act | **SOCIAL SECURITY** |     Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |     Injury   ☐ 385 Property Damage ☐ 362 Personal Injury -     Product Liability     Medical Malpractice |     Relations ☐ 740 Railway Labor Act ☐ 751 Family and Medical | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/     Exchange ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** |     Leave Act ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee |     Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |     Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | |     or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |     Accommodations   ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty     Employment   **Other:** | **IMMIGRATION** |     26 USC 7609 |     Act/Review or Appeal of     Agency Decision |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other     Other   ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | ☐ 950 Constitutionality of     State Statutes |
| | ☐ 448 Education   ☐ 555 Prison Condition   ☐ 560 Civil Detainee -     Conditions of     Confinement |     Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC SECTION 1331 AND 47 USC SECTION 227
Brief description of cause:
VIOLATIONS OF THE TCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
4-7-21

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____